# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| SHEILA DENISE KENDRICKS,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | W-23-CV-00701-XR |
| -vs- | §<br>§ | |
| USA DEPARTMENT OF JUSTICE, ET AL.;<br>*Defendants* | §<br>§<br>§<br>§ | |

## ORDER

On this date, the Court considered the status of this case. After reviewing all relevant filings, the Court finds that Plaintiff's case should be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

*Pro se* Plaintiff Sheila D. Kendricks filed suit alleging various tort claims against her former employer, Methodist Children's Home, its Board of Directors, and several of its employees; the United States of America, the State of Texas, and multiple state employees; various Fifth Circuit judges and court personnel; Judge Alan Albright, Magistrate Judge Jeffrey Manske, and other employees of the Western District of Texas, Waco Division; and various attorneys and paralegals involved in her separation negotiations with Methodist.

Plaintiff filed two prior actions in the Western District of Texas, Waco Division, against several of the Defendants in the case at hand. In the second of these actions, Judge Albright issued an order enjoining Plaintiff from filing any other pleadings in the Waco Division of the Western District without first seeking leave of court. *See Kendricks v. Methodist Children's Home*, No.

6:20-cv-01006-ADA, ECF No. 66 at 11.[1] Plaintiff did not seek leave before filing her initial complaint in this action, however.

On January 22, 2024, the Court issued an Order to Show Cause, notifying Plaintiff of its intention to dismiss her claims as barred by the doctrine of judicial immunity, barred by *res judicata*, for lack of subject matter jurisdiction under Rule 12(b)(1), or for otherwise failing to state a claim for which relief can be granted under Rule 12(b)(6). ECF No. 22 at 2. Despite the pre-filing injunction in place, the Court permitted and directed Plaintiff to file a Response to this Show Cause Order ("Response") by February 5, 2024, explaining why her claims should not be dismissed. *Id.* at 18. Because Plaintiff sent harassing communications to Court personnel and the undersigned judge, the Order to Show Cause also directed Plaintiff to "stop sending emails to judges or court staff" and to instead submit her Response, any motion to disqualify the undersigned judge, and any notice of interlocutory appeal through the Dropbox on the WDTX website. *Id.*

On January 24, 2024, the Court granted what it construed as Plaintiff's request for leave to file a motion for the undersigned judge to recuse himself and a notice of interlocutory appeal regarding all prior orders issued by Judge Albright and the undersigned judge, directing the Clerk to file these motions. *See* ECF No. 23 at 2; ECF Nos. 24, 25. The Court denied Plaintiff's motion for recusal (ECF No. 26), and the Fifth Circuit dismissed Plaintiff's interlocutory appeal for want of jurisdiction on February 16, 2024 (ECF No. 29).[2]

---

[1] Judge Albright imposed this pre-filing injunction after adopting Magistrate Judge Manske's recommendation that it be imposed and Kendricks be designated a "vexatious litigant." ECF No. 54 at 6. The Magistrate Judge made this recommendation because Kendricks was engaged in harassing conduct with opposing counsel and defendants, repeatedly filed motions as to issues that had previously been decided, and threatened to file lawsuits and complaints against unnamed persons for engaging in acts she considered misconduct. *Id.* Kendricks has also yelled at Clerk employees and posted personally identifiable information on social media sites.

[2] The Fifth Circuit opinion seems to suggest that there was a possible "reassignment of Plaintiff's case to another division within the same district." ECF No. 29 at 2. In fact, this case has never been transferred to a different venue than the division Plaintiff selected.

On February 5, 2024, Plaintiff filed a motion to extend her deadline to file a Response, claiming that illness prevented her from meeting the original deadline. *See* ECF No. 27. In a text order issued that same day, the Court extended Plaintiff's deadline to file a Response to February 19, 2024, but warned that "[f]ailure to respond to this Order will result in dismissal of Plaintiff's claims without further notice" and "[t]he Plaintiff is AGAIN directed to CEASE emailing court personnel."

On February 7, 2024, Plaintiff submitted a "Transcript Order Form (DKT-13)" for filing to the WDTX Dropbox without first requesting leave of Court. Plaintiff also submitted as an attachment to the Transcript Order Form a motion that the Court previously denied her leave to file. The Court issued an order on February 9, 2024 denying what it construed as Plaintiff's motion to file and again directed Plaintiff to file a Response to the Court's Order to Show Cause (ECF No. 22) by February 19, 2024, reminding her that failure to do so would result in dismissal of her claims without further notice. ECF No. 28 at 2.

Rather than complying with the Court's orders, Plaintiff submitted another request for an extension of time on February 20, 2024, as well as leave to file several other motions seeking relief that the Court previously denied, including i) a motion for transfer; ii) a motion to disqualify the undersigned judge; and iii) a notice of interlocutory appeal regarding Judge Albright's order recusing himself from this matter. On February 25, 2024, Plaintiff, without first requesting leave to file, submitted a letter motion addressed to Chief Justice John Roberts, seeking permission to file a notice of interlocutory appeal to the United States Supreme Court. For the reasons discussed below, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) and **DENIES AS MOOT** all of Plaintiff's remaining motions.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). The Court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* at 1519–21. A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992). Contumacious conduct is a "stubborn resistance to authority" justifying dismissal with prejudice. *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988). District courts must also consider whether "alternative sanctions . . . would not be sufficient to prompt diligent prosecution or the record reveals that the district court employed lesser sanctions prior to dismissal (assuming that plaintiff was capable of performing them) that in fact proved to be futile." *Callip*, 757 F.2d at 1521.

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry*, 975 F.2d at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1986).

## ANALYSIS

Here, Plaintiff has engaged in contumacious conduct by steadfastly refusing to follow the Court's orders.

First, by filing the complaint in this case without seeking leave of Court, Plaintiff ignored the pre-filing injunction imposed by Judge Albright in an earlier matter. After Judge Albright recused himself (ECF No. 20) and the matter was reassigned to the undersigned judge, the Court issued a January 12, 2024 Order staying all Defendants' deadlines to respond to Plaintiff's Complaint "pending the Court's consideration of this pre-filing injunction." ECF No. 21 at 2. Plaintiff continued to ignore the pre-filing injunction and attempted to file several motions on January 15, 2024 without first seeking the Court's permission. In January 19, 2024 emails sent directly to the undersigned judge, Plaintiff accused the undersigned of being "dirtier than a filthy rag," insisted that the pre-filing injunction was a "void order," and threatened, "[i]f you do not file my appeal I will show up to places where you are and demand my civil rights![]"[3] Even after the Court provided more detailed instructions to "file a motion for leave to file any such document and file that motion through the Dropbox on the WDTX website" (ECF No. 22 at 19), Plaintiff attempted to file the Transcript Order Form and Attachment on February 7, 2024 and her letter motion to Chief Justice Roberts on February 25, 2024 without filing any motion for leave to file.

Plaintiff's alleged doubts regarding the legitimacy of the pre-filing injunction do not justify her refusal to comply with it. Plaintiff "may not flout valid court orders simply because [s]he is not independently certain of their validity." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016) (upholding district court's *sua sponte* dismissal of *pro se* plaintiff's case under Rule 41(b) and finding contumaciousness where plaintiff refused to comply with an order

---

[3] Plaintiff also emailed the undersigned judge on January 19, 2024, "I'm three hours away from my destination and I pray that God calms me down before I get there !!!!!!!"

5

because he doubted its validity). The abusive emails sent by Plaintiff in the context of refusing to abide by Judge Albright's pre-filing injunction also justifies dismissal under Rule 41(b). *See Petito v. Brewster*, 562 F.3d 761, 762 (5th Cir. 2009) (upholding dismissal where *pro se* plaintiff "used vulgar and abusive language to refer to judicial officers, and he sent threatening e-mails").

Second, Plaintiff has repeatedly ignored the Court's January 22, 2024 (ECF No. 22), January 24, 2024 (ECF No. 23), and February 5, 2024 orders directing her to stop emailing the undersigned judge and court personnel. In defiance of these orders, Plaintiff has sent numerous emails to the Waco and San Antonio Clerk's offices, including threats to sue Waco court personnel who do not immediately comply with her demands.

Third, Plaintiff also failed to submit a Response to the Court's Show Cause Order, despite three separate orders[4] warning Plaintiff that failure to do so would result in dismissal of her claims without further notice. *See Barnes v. Tumlinson,* 597 Fed. App'x 798, 799 (5th Cir. 2015) (holding a party's "decision not to comply with the district's court's orders [to file an amended complaint] shows a clear record of purposeful, contumacious conduct and amounts to the [] stubborn resistance to authority justifying a dismissal with prejudice") (internal quotations and citation omitted); *Buchanan v. Barnes,* No. 22-20037, 2023 WL 2238026, at *2 (5th Cir. Feb. 23, 2023) (finding contumacious conduct where party declined to submit an amended complaint complying with the district court's orders and "sent a letter disparaging the district court and its orders").

Instead of following the Court's instructions to file a Response, Plaintiff submitted a second request for extension of time on February 20, 2024, citing her "doctor's order to rest." But Plaintiff fails to provide any medical evidence with her motion to substantiate this excuse. Indeed,

---

[4] The Court issued these warnings in its January 22, 2024 Order to Show Cause (ECF No. 22 at 2), February 5, 2024 text order granting Plaintiff's motion for time extension to file the Response, and February 9, 2024 Order denying her leave to file the Transcript Order Form (ECF No. 28 at 2).

6

Plaintiff's claim of illness is undercut by the fact that she was able to submit three additional motions for leave to file on February 20, 2024: i) a motion for transfer; ii) a motion to recuse and/or disqualify the undersigned judge; and iii) a Notice of Interlocutory Appeal to Judge Alan Albright's recusal from this matter. In requesting leave to file these motions—totaling 32 pages of briefing—seeking relief previously denied rather than complying with the Court's Order to Show Cause, Plaintiff has also violated the Court's February 9, 2024 Order directing Plaintiff to "not again attempt to address issues the Court has already ruled on." ECF No. 28 at 2.[5] *See Lewis v. Sheriff's Dep't Bossier Parish*, 478 Fed. App'x. 809, 818 (5th Cir. 2012) (finding no abuse of discretion in dismissing suit where plaintiff "ignored the repeated admonitions of the court and used the intervening time to pursue a frivolous interlocutory appeal and a stay of the district court proceedings, to no avail").

The Court has also attempted to impose lesser sanctions than dismissal with prejudice to no avail. Specifically, the Court on multiple occasions warned Plaintiff that her failure to submit a Response would result in dismissal. *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (noting that lesser sanctions include explicit warnings). As also demonstrated by Plaintiff's refusal to abide by the Court's warnings to cease sending emails to Court personnel and to request leave before filing any motions, the record shows that the Court's application of lesser sanctions than dismissal has proved futile. *Buchanan*, 2023 WL 2238026 at 2 (repeated explicit warnings sufficient to demonstrate alternative sanctions would be futile).

Finally, the Court concludes that the delay caused by Plaintiff personally and by Plaintiff's intentional conduct constitute aggravating factors favoring dismissal pursuant to Rule 41(b).

---

[5] The Court previously denied Plaintiff's motion to transfer (ECF No. 22 at 16-17) and motion to recuse the undersigned judge (ECF No. 26). The Court already permitted Plaintiff to file a Notice of Interlocutory Appeal (ECF No. 25) on this issue, and the Fifth Circuit dismissed the appeal for want of jurisdiction (ECF No. 29).

Plaintiff is proceeding *pro se* and she is thereby "personally responsible for the delays that [her] filings have caused." *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2016 WL 4211741, at *4 (N.D. Tex. Aug. 10, 2016). Further, Plaintiff's attempt to file multiple motions seeking relief already denied by the Court—despite the Court's instruction not to relitigate issues addressed in prior orders (*see* ECF No. 28 at 2)—instead of filing a Response confirms that she is personally responsible for delays in this matter. *Id.* (finding that *pro se* plaintiff was "intentionally flouting the Court's orders in bad faith" after plaintiff filed a frivolous interlocutory appeal, missed court-imposed deadlines, and re-filed the same amended complaint already rejected by the court "in flagrant disregard of the [c]ourt's order").

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the case is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). In light of this dismissal, the Court **DENIES AS MOOT** Plaintiff's pending Motion for Process of Service Time Extension (ECF No. 16); Plaintiff's February 20, 2024 request for an extension of time to file a Response; Plaintiff's motions for leave to file i) a motion for transfer; ii) a motion to recuse and/or disqualify the undersigned judge; and iii) a Notice of Interlocutory Appeal to Judge Alan Albright's recusal from this matter; and Plaintiff's February 25, 2024 letter motion seeking permission to file a notice of interlocutory appeal to the United States Supreme Court.

Despite the pre-filing injunction, the Clerk is **DIRECTED** to permit Plaintiff to file a Notice of Final Appeal.

The Clerk is also **DIRECTED** to enter a final judgment pursuant to Rule 58 and to **CLOSE** this case.

Finally, the Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Sheila Denise Kendricks, 25120 Panther Bend Court Apt #330, Spring, TX 77380.

It is so **ORDERED**.

**SIGNED** this 26th day of February, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE